1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5

6   **JOSEPH GARY BAXTER AND PATRICIA**          Case No.  15-cv-02138-YGR
    **MARY BAXTER**,

7                         Plaintiffs,

8            v.                                  **ORDER GRANTING MOTION TO DISMISS**
                                                 **WITH LEAVE TO AMEND**

9   **UNITED STATES OF AMERICA**, *et al.*,      Re: Dkt. No. 15

10                       Defendants.

11          Plaintiffs Joseph Baxter and Patricia Baxter ("Baxters" or "plaintiffs") bring this action

12  against the United States of America, the Internal Revenue Service ("IRS"), John Koskinen in his

13  capacity as Commissioner of the IRS, and William Hannon in his capacity as Director of the IRS's

14  National Research Program ("NRP") (collectively, "defendants"), challenging defendants' use of

15  the NRP to audit plaintiffs as an invalid and unconstitutional exercise of the IRS's authority.

16  Based thereon, plaintiffs seek declaratory and injunctive relief to prohibit the IRS from continuing

17  the NRP audit, compensatory and special damages, and attorney's fees.

18          Currently pending before the Court is defendants' motion to dismiss the complaint (Dkt.

19  No. 15) for lack of subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim

20  under Rule 12(b)(6).  Having carefully considered the papers submitted and the pleadings in this

21  action, for the reasons stated on the record on February 2, 2016, and for the reasons highlighted

22  below, the Court **GRANTS** defendants' motion **WITH LEAVE TO AMEND**.

23      **I.      BACKGROUND**

24          The IRS randomly chose the Baxters as participants for a NRP audit for the 2011 tax year.

25  (Dkt. No. 1, "Compl." ¶ 22.)  NRP audits are entirely random and conducted for the purpose of

26  developing a statistical database for the IRS.  (*Id.* ¶ 31.)  Instead of being focused on particular

27  portions of a tax return, NRP audits are intended to be exhaustive and address all aspects of a

28  taxpayer's return.  (*Id.* ¶ 32.)  NRP audits require an in-depth examination of all books and

*United States District Court*
*Northern District of California*

1    records.  (*Id*. ¶ 34.)  Because the Baxters are "elderly individuals of frail health," the complaint

2    alleges that their "health is placed at risk by NRP audits."  (*Id*. ¶ 8.)

3            Plaintiffs further allege NRP audit techniques are in violation of the IRS's audit authority

4    as provided in the Internal Revenue Code, 26 U.S.C. § 7602(e), and constitute violations of their

5    rights to due process, privacy, and to be free from cruel and unusual punishment.  (*Id*. ¶ 17.)

6    **II.   MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)**

7            **A.  Legal Standard**

8            A motion to dismiss pursuant to Rule 12(b)(1) is a challenge to the court's subject matter

9    jurisdiction.  "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause

10   lies outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins.Co. of Am.*, 511 U.S. 375,

11   377 (1994).  The party invoking the jurisdiction of the federal court bears the burden of

12   establishing that the court has the requisite subject matter jurisdiction to grant the relief requested.

13   *Id*.  A challenge pursuant to Rule 12(b)(1) may be facial or factual.  *See White v. Lee*, 227 F.3d

14   1214, 1242 (9th Cir.2000).  In a facial attack, the jurisdictional challenge is confined to the

15   allegations pled in the complaint.  *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

16   The challenger asserts that the allegations in the complaint are insufficient "on their face" to

17   invoke federal jurisdiction.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004).

18   To resolve this challenge, the court assumes the allegations in the complaint are true and draws all

19   reasonable inferences in favor of the party opposing dismissal.  *See Wolfe*, 392 F.3d at 362.

20           **B.  Analysis**

21           To establish subject matter jurisdiction in an action against the United States, plaintiffs

22   must show both (1) a waiver of sovereign immunity, and (2) "statutory authority vesting a district

23   court with subject matter jurisdiction."  *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008,

24   1016 (9th Cir. 2007).  Defendants argue that the first requirement is not met here, *i.e.* that

25   plaintiffs have not established that the United States waived sovereign immunity such that

26   plaintiffs may bring their claims against the sovereign.  Alternatively, should the Court find a valid

27   waiver of immunity, defendants argue that the Anti-Injunction Act ("AIA"), 26 U.S.C. section

28   7421(a), operates as a specific jurisdictional bar to plaintiffs' claims for injunctive relief.

United States District Court
Northern District of California

First, with respect to a valid waiver of sovereign immunity, plaintiffs argue they can proceed under the waiver of sovereign immunity found in the Administrative Procedure Act ("APA"), 5 U.S.C. section 702, which allows a person "suffering legal wrong because of an agency action, or adversely affected or aggrieved by an agency action" to bring a claim against the United States in federal court.  5 U.S.C. § 702.  In opposition, defendants argue that the APA's waiver of sovereign immunity does not extend to challenges of agency action which are not "final," as required by 5 U.S.C. section 704.  *See Gallo Cattle Co. v. U.S. Dept. of Agriculture*, 159 F.3d 1194, 1198 (9th Cir. 1998) ("the APA's waiver of sovereign immunity contains several limitations…[including] § 704, which provides that only '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court, are subject to judicial review'").[1]  Agency action is final if it marks the consummation of the agency's decision-making process, and the action is one by which plaintiffs' rights or obligations have been determined, or from which legal consequences will flow.  *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997).[2]  The Court finds that plaintiffs have not properly alleged a challenge to a final agency action here, where the IRS initiated an investigation but has not yet determined tax liabilities.[3]

Second, the AIA provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."  26 U.S.C. § 7421(a).  Where the AIA bars a suit, the court lacks jurisdiction to hear the claim or to grant the relief requested.  *Church of Scientology of California v. United States*, 920 F.2d 1481, 1485 (9th Cir.

---

[1] Conflicting Ninth Circuit authority holds the APA's waiver of sovereign immunity "was clearly intended to cover the full spectrum of agency conduct," and should not be limited by the APA's definition of "agency action" in Section 704.  *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 526 (9th Cir. 1989).  One district court has resolved the conflict between *Gallo Cattle* and *Presbyterian Church* by concluding that Section 704's finality requirement only limits the APA's waiver of sovereign immunity where the claims are brought under the APA.  *Valentini v. Shinseki*, 860 F.Supp.2d 1079, 1102 (C.D.Cal. 2012).  As discussed in Section III.B., *infra*, plaintiffs have not yet clearly stated whether all of their claims are brought pursuant to the APA.  Without further clarity in the pleadings, the Court cannot yet resolve this apparent conflict.

[2] *See also* discussion of "final agency action" in Section III.B., *infra*.

[3] Plaintiffs' proposed amendments to the complaint (*see* Dkt. No. 20) are not sufficient to cure the defect.  Labeling an IRS determination as "final" does not make it so under Section 704.  The question of whether it so qualifies, for jurisdictional purposes, is a question of a law.

United States District Court
Northern District of California

1990).  Here, the gravamen of plaintiffs' complaint challenges the assessment of taxes vis-à-vis the NRP audit.  The Court therefore finds the AIA also bars plaintiffs' claims for injunctive relief as currently pled.  The complaint alleges no plausible distinction between the NRP audit at issue and the "assessment or collection of any tax."  26 U.S.C. § 7421(a).

### III.  MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

#### A.  Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Johnson v. Lucent Techs., Inc.,* 653 F.3d 1000, 1010 (9th Cir. 2011).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

In the absence of subject matter jurisdiction over plaintiffs' claims, the Court cannot reach the legal or factual sufficiency of the complaint under Rule 12(b)(6).  *See Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, (9th Cir. 2011) ("a district court must first determine whether it has jurisdiction before it can decide whether a complaint states a claim").  Because plaintiffs are given leave to amend, however, the Court provides the following overview of the complaint's pleading deficiencies as guidance.

#### B.  Overview

Plaintiffs move to dismiss under Rule 12(b)(6) on two grounds, arguing (1) plaintiffs' APA challenges fail as a matter of law, and (2) plaintiffs cannot bring *Bivens* actions for monetary damages against defendants Koskinen and Hannon (the "individual defendants").

As an initial matter, the Court notes that plaintiffs have not clearly identified whether they bring all non-monetary claims under the APA.  While the complaint cites and references the APA at length, only Count Three is specifically brought under the APA.  (*See* Compl. ¶¶ 66-75.)  To the

4

United States District Court
Northern District of California

extent plaintiffs seek injunctive and declaratory relief under the APA, plaintiffs would still be required to challenge a "final agency action" as is required under Section 704. *See F.T.C. v. Standard Oil Co. of California,* 449 U.S. 232, 243 (1980) (FTC's issuance of complaint is not a "final agency action" under the APA because it "had no legal force or practical effect upon [plaintiff's] daily business other than the disruptions that accompany any major litigation"); *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994) ("An agency's initiation of an investigation does not constitute final agency action."). Also, there must be a finding that no "other adequate remed[ies] in a court" available to plaintiffs. 5 U.S.C. § 704. However, defendants proffer such remedies as including: (i) a motion to quash a summons, *see* 26 U.S.C. § 7609(b), to the extent plaintiffs challenge the government's authority to issue summonses under the NRP pursuant to 26 U.S.C. 7602(e); (ii) a petition the Tax Court for a redetermination of the deficiency, *see* 26 U.S.C. § 6213(a), should the audit result in a notice of deficiency; and (iii) suit for a refund in the Court of Federal Claims, *see* 26 U.S.C. § 4722, should the audit result in a notice of deficiency. 5 U.S.C. § 704.

Further, to the extent *Bivens* claims might be contemplated against the individual defendants, the Ninth Circuit has held that no *Bivens* action may be implied to challenge IRS conduct connected to an audit. *Adams v. Johnson*, 355 F.3d 1179, 1188 (9th Cir. 2004) ("plaintiffs may not pursue a *Bivens* action with complaints about the IRS's audits, assessments, and collection" of taxes); *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 396-97 (1971).

**IV.    CONCLUSION**

Based on the foregoing, defendants' motion to dismiss is **GRANTED**. While the Court allows leave to amend, it is not clear how plaintiffs can state claims to effectively stop or otherwise impact the ongoing audit, notwithstanding the inconvenience and apparent anxiety it causes.

Plaintiffs shall file an amended complaint to address the issues as stated herein and on the record at the hearing no later than **March 7, 2016**. The amended complaint must clearly identify *as to each claim for relief*: (1) a waiver of sovereign immunity, where applicable, (2) the jurisdictional basis for this Court to adjudicate the claim, and (3) the legal basis for the claim.

1

**IT IS SO ORDERED.**

2

Dated: February 8, 2016

3

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

6