UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH GARY BAXTER AND PATRICIA MARY BAXTER**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA**, ***et al.***,<br><br>Defendants. | Case No. 15-cv-02138-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**<br><br>Re: Dkt. No. 32 |

On February 8, 2016, the Court granted defendants' motion to dismiss with leave to amend plaintiffs Joseph and Patricia Baxter's ("Baxters") complaint after determining that the Court lacked subject matter jurisdiction. (Dkt. No. 26.) On March 23, 2016, plaintiffs filed a First Amended Complaint. (Dkt. No. 30 ("FAC").) Similar to the original complaint, the FAC alleges claims against the United States of America, the Internal Revenue Service ("IRS"), John Koskinen in his capacity as Commissioner of the IRS, and Alan Dubois[1] in his capacity as Director of the IRS's National Research Program ("NRP") (collectively, "defendants"). Plaintiffs challenge defendants' use of the NRP to audit plaintiffs as an invalid and unconstitutional exercise of the IRS's authority. Plaintiffs seek declaratory and injunctive relief to prohibit the IRS from continuing the NRP audit, as well as attorney's fees and costs.

Defendants have brought a motion to dismiss the FAC for lack of subject matter jurisdiction under Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6). (Dkt. No. 32.) Having carefully considered the papers submitted and the pleadings in this action, for the reasons highlighted below, the Court **GRANTS** defendants' motion **WITH PREJUDICE AND WITHOUT LEAVE TO AMEND**.

//

---

[1] Plaintiffs have substituted Mr. Dubois for Mr. William Hannon, his predecessor at the IRS.

## I. BACKGROUND

Plaintiffs allege that the IRS randomly chose them as participants for a NRP audit for the 2011 tax year. (FAC ¶ 28) The IRS conducts yearly NRP audits at random for research purposes. (*Id.* ¶ 10.) These audits are intended to be exhaustive, addressing all aspects of a taxpayer's return and requiring an in-depth examination of all books and records. (*Id.* ¶¶ 11-12.) Plaintiffs allege that as individuals "in excess of 65 years old," they are "more susceptible of the adverse effects of stress" and the adverse effects of an NRP audit. (*Id.* ¶ 29.) They allege that the stress of the NRP audit has increased Mr. Baxter's risk of suffering a heart attack, blindness, and organ damage. (*Id.* ¶¶ 30-32.)

The FAC alleges six claims, three of which are against the United States and IRS and brought under the APA. (Counts 1, 2, and 4.)[2] The next claim is also against the United States and IRS, but brought under the U.S. Constitution. (Count 5.) The final claims are against individual defendants Koskinen and Dubois for exceeding their statutory authority under the tax code and the U.S. Constitution. (Counts 3 and 6.)[3]

## II. MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

### A. Legal Standard

A motion to dismiss pursuant to Rule 12(b)(1) is a challenge to the court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins.Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested.

---

[2] Plaintiffs contend that "the claims set forth in Counts 1, 2…are entirely independent of the APA cause of action set forth in count 4." (Plaintiffs' Opposition to Motion to Dismiss, Dkt. No. 39, at 16:22-24.) However, the FAC itself indicates that plaintiffs bring these two claims under the APA. (FAC ¶¶ 45, 48.)

[3] The Counts in the FAC are as follows: (1) NRP research audit exceeds lawful audit authority under the APA and the U.S. Constitution; (2) injunctive and declaratory relief pursuant to the APA for violations of 26 U.S.C. section 7602(e); (3) *ultra vires* violation of 26 U.S.C. section 7602(e) (against individual defendants Koskinen and Dubois); (4) injunctive and declaratory relief under APA; (5) agency action violation of the U.S. Constitution; and (6) *ultra vires* violation of the U.S. Constitution (against individual defendants Koskinen and Dubois).

1    *Id*. A challenge pursuant to Rule 12(b)(1) may be facial or factual. *See White v. Lee*, 227 F.3d
2    1214, 1242 (9th Cir. 2000). In a facial attack, the jurisdictional challenge is confined to the
3    allegations pled in the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).
4    The challenger asserts that the allegations in the complaint are insufficient "on their face" to
5    invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
6    To resolve this challenge, the court assumes the allegations in the complaint are true and draws all
7    reasonable inferences in favor of the party opposing dismissal. *See Wolfe*, 392 F.3d at 362.

With regard to leave to amend, it is liberally granted, but may be denied if amendment would be futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Chodos v. West Pub. Co.,* 292 F.3d 992, 1003 (9th Cir. 2002); *Smith v. Pac. Props. & Dev. Corp.,* 358 F.3d 1097, 1101 (9th Cir. 2004).

*1. Waiver of Sovereign Immunity Standard*

To establish subject matter jurisdiction in an action against the United States, plaintiffs must show both (1) a waiver of sovereign immunity, and (2) "statutory authority vesting a district court with subject matter jurisdiction." *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1016 (9th Cir. 2007). The Administrative Procedure Act ("APA"),[4] 5 U.S.C. section 702 allows a person "suffering legal wrong because of an agency action, or adversely affected or aggrieved by an agency action" to bring a claim against the United States in federal court. 5 U.S.C. § 702. However, the APA's waiver of sovereign immunity only extends to challenges of agency action that are "final," as required by 5 U.S.C. section 704. *See Gallo Cattle Co. v. U.S. Dept. of Agriculture*, 159 F.3d 1194, 1198 (9th Cir. 1998) ("the APA's waiver of sovereign immunity contains several limitations…[including] § 704, which provides that only '[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court, are subject to judicial review'"). Agency action is final if it marks the consummation of the agency's decision-making process, and the action is one by which plaintiffs' rights or obligations have been determined, or from which legal consequences will flow. *Bennett v. Spear*, 520 U.S.

---

[4] 5 U.S.C. §§ 701-708.

3

154, 177-78 (1997).[5]

Conflicting Ninth Circuit authority exists regarding whether Section 704 limits the APA's waiver of sovereign immunity. In *The Presbyterian Church (U.S.A.) v. United States*, 870 F.2d 518, 524-25 (9th Cir. 1989), which involved a suit seeking injunctive relief against the Immigration and Naturalization Service for violation of First and Fourth Amendment rights, the Ninth Circuit did not limit section 702's sovereign immunity waiver to "agency action" as narrowly defined in 5 U.S.C. § 551(13)—*i.e.*, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof." Later in *Gallo Cattle Co. v. U.S. Dep't of Agriculture*, 159 F.3d 1194, 1198 (9th Cir. 1998), the Ninth Circuit noted that an agency action is reviewable if "it constitutes 'final agency action' for which there is no other adequate remedy in a court." The Ninth Circuit has since recognized the conflict, but has not resolved it. *See Gros Ventre Tribe v. United States,* 469 F.3d 801, 808–809 (9th Cir. 2006) ("We now recognize that there is a conflict in our caselaw regarding this issue; however, we need not resolve it as we affirm the district court on its alternative.")

In light of this conflict, the Court finds the reasoning of its sister court instructive:

> "The…principled way to reconcile the cases is to acknowledge that the claims in *Gallo Cattle* were brought under the APA, and were necessarily limited by § 704's requirement of finality. Thus, the holding of *Gallo Cattle* is that for claims brought under the APA, the sovereign immunity waiver is no broader than the scope of allowable claims-challenges to final agency action. Where the allegation is that the agency action violates another law—be it statutory, constitutional, or common law—the waiver of sovereign immunity is not so limited, but rather is the broad, unqualified waiver described in *Presbyterian Church* and suggested in the plain language of the statute."

*Valentini v. Shinseki*, 860 F. Supp. 2d 1079, 1101 (C.D. Cal. 2012). Thus, applying the *Valentini* court's reasoning, a court has subject-matter jurisdiction over a plaintiff's non-APA claims brought on constitutional grounds regardless of the finality of the challenged agency actions.

Finally, where a federal employee is named as a defendant in his official capacity and a judgment necessarily would operate against the government, the suit is considered to be one

---

[5]   *See also* discussion of "final agency action" in Section II(B)(1)(a), *infra*.

4

against the United States, for which there must be a waiver of sovereign immunity allowing the suit to be maintained. *Land v. Dollar*, 330 U.S. 731, 737-38 (1947); *State of Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (action against federal official was against United States because "relief sought nominally against an officer is in fact against the sovereign [because] the decree would operate against the latter"). An exception to this rule exists where: (1) the action by officers was beyond their statutory powers, or (2) even though within the scope of their authority, the powers themselves or the manner in which they were exercised was constitutionally void. *See Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689-91 (1949).

### 2. *Anti-Injunction Act*

The Anti-Injunction Act ("AIA") provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The primary purpose of the AIA is to protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974) (internal quotations omitted); *Church of Scientology of Cal. v. United States*, 920 F.2d 1481, 1484–85 (9th Cir. 1990). The "statutory ban against judicial interference with the assessment and collection of taxes 'is equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes.'" *Church of Scientology*, 920 F.2d at 1486 (citation omitted). It also applies equally to actions for injunction and declaratory judgment. *Bob Jones Univ.*, 416 U.S. at 732 n.7. Where the AIA bars a suit, the court lacks jurisdiction to hear the claim or to grant the relief requested. *Church of Scientology*, 920 F.2d at 1491.

However, where a plaintiff can satisfy the judicially created exception to the AIA by demonstrating both (1) irreparable injury if the case is not heard, and (2) certainty of success on the merits, then the AIA will not bar suit. *Bob Jones Univ.*, 416 U.S. at 737. Regarding the first prong, the "opportunity to sue for a refund is an adequate remedy at law which bars the granting of an injunction." *Church of Scientology*, 920 F.2d at 1489. Regarding the second prong, an injunction can issue only "if it is clear that under no circumstances could the Government

United States District Court
Northern District of California

1  ultimately prevail." *Id.* at 737.

2  **B. Analysis**

3  *1. Waiver of Sovereign Immunity*

4  *a. APA Claims - Counts 1, 2, and 4*

Defendants argue that plaintiffs have not established that the United States waived sovereign immunity such that plaintiffs may bring their claims against the sovereign. Regarding the claims brought under the APA—Counts 1, 2, and 4—the Court only has subject-matter jurisdiction over Plaintiffs' claims if the IRS has brought a "final" decision under 5 U.S.C. section 704. *See Gallo Cattle Co.*, 159 F.3d at 1198. Despite plaintiffs' allegations that their requests for relief from the NRP audit have "been repeatedly rejected by defendants at the highest levels of the IRS," who have advised them that "defendants' decisions were FINAL," the Court finds this agency action is not a "final" agency action under Section 704. (FAC ¶ 36.) Although the IRS has initiated an investigation, it has not yet determined tax liabilities. *See F.T.C. v. Standard Oil Co. of California,* 449 U.S. 232, 243 (1980) (FTC's issuance of complaint is not a "final agency action" under the APA because it "had no legal force or practical effect upon [plaintiff's] daily business other than the disruptions that accompany any major litigation"); *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994) ("An agency's initiation of an investigation does not constitute final agency action."). The agency's refusal to relieve plaintiffs from the audit is not the "consummation of the agency's decision-making process…by which plaintiffs' rights or obligations have been determined, or from which legal consequences will flow. *See Bennett*, 520 U.S. at 177-78 (1997). Therefore, plaintiffs have not alleged a waiver of sovereign immunity with respect to Counts 1, 2, and 4. These claims must be dismissed for lack of subject-matter jurisdiction.

*b. Constitutional Claim - Count 5*

With regard to Count 5, the Court applies the well-reasoned rule articulated in *Valentini*, which reconciles the Ninth Circuit's conflicting opinions in *Gallo Cattle* and *Presbyterian Church*. *See Valentini*, 860 F. Supp. at 1101. Plaintiffs bring this claim under the U.S. Constitution, and therefore Section 704's finality requirement does not bar suit. Thus, the Court

6

1  has subject-matter jurisdiction over Count 5.

####            c.   Individual Claims – Counts 3 and 6

Finally, with respect to Counts 3 and 6, while defendants Koskinen and Dubois are named in their official capacities, a judgment necessarily would operate against the government. Therefore, plaintiffs' claims against these individuals are actually claims against the United States, for which the sovereign has not waived immunity. *See Dollar*, 330 U.S. at 737-38.  As for the exception to this rule, plaintiffs have failed to plead facts demonstrating that these officials' *actions* were beyond the scope of their statutory powers. *See Larson*, 337 U.S. at 690-91.  Neither have they alleged that the individual defendants' powers themselves were constitutionally void. (FAC ¶¶ 15, 19, 53-54, 71-72.)  As no waiver of sovereign immunity exists, the Court lacks subject-matter jurisdiction over these claims.[6]  These claims are dismissed.

####         2.   Anti-Injunction Act

Having decided that the Court has jurisdiction over Count 5, the Court turns to the Anti-Injunction Act analysis.  Defendants argue that the AIA operates as a specific jurisdictional bar to plaintiffs' claims.  The gravamen of the FAC is the same as the original complaint: it is a challenge to the assessment of taxes vis-à-vis the NRP audit.  The relief plaintiffs seek—injunctive and declaratory relief to stop the IRS from conducting the NRP audit or to declare the NRP audit unconstitutional—would "restrain[] the assessment or collection of" any tax and therefore falls within the AIA's scope. *See* 26 U.S.C. § 7421(a); *Bob Jones Univ.*, 416 U.S. at 732; *Alexander v. Ams. United, Inc.*, 416 U.S. 752, 760–61 (1974) (rejecting argument that restraint on the assessment of taxes was "at best a collateral effect" of a suit seeking reinstatement of tax-exempt status).  Furthermore, even if the IRS determines at the end of the audit that plaintiffs owe no taxes, the AIA still bars plaintiffs' action. *See Church of Scientology*, 920 F.2d at 1486 (AIA ban is "equally applicable to activities which…*may* culminate in the assessment or collection of

---

[6]  Even if plaintiffs were to amend their complaint to plead sufficiently, for example, that defendants Koskinen and Dubois were acting pursuant to statutory powers that were unconstitutional, this would be a futile amendment, as the Anti-Injunction Act bars the claim. *See* Section II(B)(2), *infra*.

taxes." (emphasis added)).

Accordingly, the Anti-Injunction Act precludes federal jurisdiction over plaintiffs' claim unless they are able to satisfy the judicially created exception to the AIA. Regarding the first prong of AIA exception, contrary to their contentions that they will suffer irreparable injury unless the Court hears their case, "this is not a case in which an aggrieved party has no access at all to judicial review." *See Bob Jones Univ.*, 416 U.S. at 746; *Alexander*, 416 U.S. at 762; *Church of Scientology*, 920 F.2d at 1489. Their remedies include: (i) a motion to quash a summons, *see* 26 U.S.C. § 7609(b), to the extent plaintiffs challenge the government's authority to issue summonses under the NRP pursuant to 26 U.S.C. 7602(e); (ii) a petition the Tax Court for a redetermination of the deficiency, *see* 26 U.S.C. § 6213(a), should the audit result in a notice of deficiency; and (iii) suit for a refund in the Court of Federal Claims, *see* 26 U.S.C. § 7422, should the audit result in a notice of deficiency. Despite the Baxters' apparent dissatisfaction with these remedies, "[a] taxpayer cannot render an available review procedure an inadequate remedy at law by voluntarily forgoing it."[7] *Alexander*, 416 U.S. at 762 n.13.

As plaintiffs have not carried their burden of showing irreparable harm, the Court need not determine whether plaintiffs meet the second prong of the exception to the AIA. Accordingly, the AIA applies, this Court lacks jurisdiction to hear plaintiffs' claims, and the claim must be dismissed.[8] *See Hansen v. Dep't of Treasury*, 528 F.3d 597, 600–02 (9th Cir. 2007). In the absence of subject-matter jurisdiction over plaintiffs' claims, the Court cannot decide whether the complaint is sufficient under Rule 12(b)(6).

### *3. Leave to Amend*

The Court previously granted leave to amend, noting that plaintiffs' original complaint fell far short and providing an overview of how they could sufficiently plead their claims. Nevertheless, the FAC also fell short. As the Court finds that plaintiff cannot amend to clear the

---

[7] The Court acknowledges the allegations regarding the physical and emotional impact of the audit itself. However, legal precedent does not create an exception on that basis.

[8] Furthermore, to the extent plaintiffs bring Count 6 against the United States and IRS, the AIA also serves to bar this claim.

hurdles of sovereign immunity and the Anti-Injunction Act, granting such leave again would be futile.[9]

### III.   CONCLUSION

Based on the foregoing, defendants' motion to dismiss is **GRANTED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND.** Defendants shall provide a form of judgment approved as to form within five business days of this order.

**IT IS SO ORDERED.**

Dated: August 22, 2016

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[9]  Plaintiffs' request for leave to file a *Bivens* claim is also futile.  As the Court has previously noted (Dkt No. 26), the Ninth Circuit has held that no *Bivens* action may be implied to challenge IRS conduct connected to an audit.  *Adams v. Johnson*, 355 F.3d 1179, 1188 (9th Cir. 2004) ("[P]laintiffs may not pursue a *Bivens* action with complaints about the IRS's audits, assessments, and collection" of taxes); *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 396-97 (1971).