UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSEPH GARY BAXTER AND PATRICIA MARY BAXTER**,<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, *et al.***,<br><br>Defendants. | Case No.  15-cv-02138-YGR<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF INTERLOCUTORY ORDER**<br><br>Re: Dkt. No. 47 |

The Baxters brought this action seeking to challenge defendants' use of the National Research Program ("NRP") to audit plaintiffs as an invalid and unconstitutional exercise of the IRS's authority.  The Court granted the government's motion to dismiss the First Amended Complaint for lack of subject matter jurisdiction under Rule 12(b)(1).  (Dkt. No. 43.)

The Baxters now move for leave to file a motion for reconsideration of interlocutory order. (Dkt. No. 47 ("Mtn.").)  The Court having carefully considered the papers submitted, the pleadings in this action, and for the reasons set forth below, **DENIES** the Baxters' motion.

## I.   RELEVANT BACKGROUND

The facts at issue in this case are well-known to the parties and were summarized previously by the Court in its prior orders.  (*See* Dkt. Nos. 26. and 43.)  The Baxters now move for reconsideration of the order granting motion to dismiss on two grounds, namely: (1) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order, and (2) the emergence of new material facts or a change of law occurring after the time of such order.

## II.   STANDARD OF REVIEW

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993).  Local Rule 7–9(b) requires that a party seeking leave to file a motion for

reconsideration show reasonable diligence in making the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Pursuant to Local Rule 7–9(c), "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly." *Kona Enter., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000).

### III.   DISCUSSION

The Baxters contend that the Court erred in failing to consider material facts and dispositive legal arguments. However, their arguments are unpersuasive. The motion is based entirely on arguments that either were or could have been presented to the Court in support of their opposition to the government's motion to dismiss. The Baxters have failed to satisfy their burden.

Furthermore, the Baxters contend that new facts have arisen warranting leave to file a motion for reconsideration. Specifically, plaintiffs received a notice of Income Tax Examination Changes from the IRS assessing over $1 million in taxes, penalties for fraud, and interest. In addition, they assert that the IRS advised Mr. Baxter that the 2012 and 2013 audits were deemed research audits after the Baxters asserted their constitutional rights. The receipt of this information cannot alter the Court's decision that it lacks subject matter jurisdiction. Reconsideration is therefore inappropriate on these grounds as well.[1]

//

---

[1] As the Court previously noted, the Baxters' remedies include petitioning the Tax Court for a redetermination of the deficiency and suing for a refund in the Court of Federal Claims. (Dkt. No. 43 at 8:7-12.)

## IV. CONCLUSION

Based upon the foregoing, the Baxters' motion is **DENIED**. This Order terminates Docket Number 47.

**IT IS SO ORDERED.**

Dated: October 12, 2016

                                              _____
                                              **YVONNE GONZALEZ ROGERS**
                                              **UNITED STATES DISTRICT COURT JUDGE**